UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL LEON WILLIAMS,<br><br>                Petitioner,<br><br>    v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>                Respondents. | Case No. 3:19-cv-00366-MMD-CLB<br><br>ORDER |

**I.      Summary**

This is a habeas corpus action initiated *pro se*, under 28 U.S.C. § 2254, by Michael Leon Williams, an individual incarcerated at the Northern Nevada Correctional Center in Carson City, Nevada. Respondents have filed a motion to dismiss ("Motion") (ECF No. 21)[1]. The Court will grant the Motion and dismiss this action.

**II.     Background**

Williams was convicted on April 1, 2009, following a jury trial in Nevada's Eighth Judicial District Court (Clark County), of attempted robbery, battery with substantial bodily harm, and destroying evidence. (ECF No. 26-13.) He was sentenced for attempted robbery and battery under the Large Habitual Criminal Statute, to two consecutive sentences of life in prison with minimum parole eligibility of 10 years. (*Id.*) For the crime of destroying evidence, he was sentenced to one year in the Clark County Detention Center, to run concurrent with the sentence for battery. (*Id.*)

///

---

[1] Williams filed an opposition to the Motion (ECF No. 34) and Respondents filed a reply (ECF No. 40).

Williams appealed from the judgment of conviction, and the Nevada Supreme Court affirmed on May 28, 2010. (ECF No. 27-1.)

On June 20, 2011, Williams filed a state post-conviction petition for writ of habeas corpus. (ECF Nos. 27-7, 27-10) The state district court denied relief on March 5, 2012. (ECF No. 28-2.) Williams appealed, and the Nevada Supreme Court affirmed on May 14, 2013. (ECF No. 28-14.)

On June 16, 2013, Williams initiated a federal habeas corpus action in this Court. *See Williams v. Baker*, *et al.*, Case No. 3:13-cv-00334-RCJ-WGC (D. Nev. June 16, 2013). The Court takes judicial notice of the proceedings in that case. The Court denied Williams' petition, and denied a certificate of appealability on June 29, 2016. *Id.* at ECF Nos. 50, 51. Williams appealed, and on November 7, 2016, the Ninth Circuit Court of Appeals denied his request for a certificate of appealability. *Id.* at ECF No. 56. The United States Supreme Court denied Williams' petition for a writ of certiorari on April 24, 2017. *Id.* at ECF No. 58.

On January 11, 2017, Williams filed a motion in the state district court requesting amendment of the judgment of conviction. (ECF No. 28-35.) He requested the judgment be amended to include a citation to NRS § 207.010, Nevada's Large Habitual Criminal Statute under which he was sentenced, and to omit reference to C229397, the case number of one of the two consolidated cases in which he was convicted. (*Id.*) The State did not oppose that motion. (ECF No. 28-36.) On February 7, 2017, the state district court ordered that the judgment would be amended to include reference to NRS § 207.010. (ECF No. 22-12 at 102.) Williams then filed a petition for writ of mandamus in the Nevada Supreme Court, requesting that the amended judgment be entered and that it not include a reference to Case Number C229397, and the Nevada Supreme Court denied that petition. (ECF Nos. 29-2, 29-13.)

The state district court filed the amended judgment of conviction on April 14, 2017. (ECF No. 4-1 at 54-55.) The amended judgment differed from the original judgment in two respects. First, a citation to NRS § 207.010 was inserted following the words "Large

Habitual Criminal Statute," and second, the caption was changed to omit the reference to Case Number C229397 and also to refer to a different department of the court. (ECF Nos. 26-13, 4-1 at 54-55.)

Williams then appealed, and the Nevada Supreme Court consolidated his four separate appeals and dismissed them on September 20, 2017, stating:

> Our review of these appeals reveals a jurisdictional defect. It appears the appellant was not aggrieved by the amended judgment of conviction because the district court did not make any substantive changes to the judgment, but simply added the number (NRS 207.010) of the large habitual criminal statute. *See* NRS 177.015 (only an aggrieved party may appeal). Accordingly, we conclude that we lack jurisdiction over these appeals, and we order these appeals dismissed.

(ECF No. 29-30 at 3.) On October 24, 2017, the Nevada Supreme Court denied rehearing of two of the appeals. (ECF No. 29-37.)

On March 7, 2018, Williams filed a second state habeas petition. (ECF No. 30-2.) The state district court denied that petition, as procedurally barred, on June 15, 2018. (ECF No. 30-18.) Williams appealed, and the Nevada Supreme Court affirmed on April 12, 2019. (ECF No. 30-27.) With respect to Williams' argument that the amendment of the judgment was cause for his procedural defaults, the Nevada Supreme Court stated:

> Appellant argues that he had good cause because the district court entered an amended judgment of conviction in 2017. The amended judgment of conviction only provided good cause as to challenges to the amendment, not as to claims that could have been raised in a timely petition. *See Sullivan v. State*, 120 Nev. 537, 541–42, 96 P.3d 761, 764–65 (2004); *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Appellant's claim that the amendment was defective because it did not refer to the subsection of NRS 207.010 under which he was adjudicated is without merit. The judgment of conviction was amended in the exact manner that appellant requested, so appellant cannot now complain about the lack of specificity in the amendment. More importantly, the district court at sentencing and in the original judgment of conviction stated that it was adjudicating appellant a large habitual criminal, a term commonly used to refer to NRS 207.010(1)(b). As there is no confusion regarding appellant's parole eligibility or which subsection he was adjudicated under, the amended judgment of conviction substantially conforms with the

3

      requirements of NRS 176.105(1)(c). Likewise, his argument that the amended judgment of conviction was defective because it did not state the case numbers for both district court cases, which were consolidated in the trial proceedings, is without merit as the amended judgment of conviction refers to the lead case. Thus, because appellant's claims challenging the amended judgment of conviction lack merit, they do not provide good cause or prejudice in this case.

(*Id.* at 3-4.)

      Williams then initiated this—his second—federal habeas corpus action on June 2, 2019. (ECF No. 4.) Respondents filed their Motion, arguing that Williams' petition is successive and that he has not obtained the required leave from the Ninth Circuit Court of Appeals to file a successive petition, that his petition is untimely, that one of his claims in procedurally defaulted, and that several of his claims are unexhausted in state court. (ECF No. 21.) The Court agrees that Williams' petition is successive.

**III.   Discussion**

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places stringent restrictions on the filing of "second or successive" habeas petitions. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (per curiam). First, a district court must dismiss any claim presented in a prior petition. *See* 28 U.S.C. § 2244(b)(1). Second, a new claim not raised in a prior petition must be dismissed, unless: (1) the claim rests on a new, retroactive rule of constitutional law, or (2) the factual basis of the claim was not previously discoverable through due diligence and the new facts establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2). Even if a successive petition is permitted under these rules, leave of the court of appeals is required before the successive petition may be pursued in a district court. *See* 28 U.S.C. § 2244(b)(3)(A). These requirements are jurisdictional and cannot be waived. *See Burton*, 549 U.S. at 153, 157.

      However, not every federal habeas petition filed after denial of an earlier petition is subject to the AEDPA rules regarding successive petitions. *See Magwood v. Patterson*, 561 U.S. 320, 323-26 (2010). In *Magwood*, the Supreme Court held that a petition is not "successive" if there is a new, intervening judgment between the denial of a prior federal

habeas petition and the filing of a subsequent petition. *See id.*; *see also Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019) ("'Second or successive,' however, ought not be interpreted literally—it is a 'term of art.'") (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)). Where a subsequent petition follows amendment of the judgment of conviction, the question whether the subsequent petition is successive within the meaning of AEDPA turns on the nature of the amendment of the judgment. "[S]ince *Magwood*, lower courts have had to decide how significant the change to a judgment must be to create a new judgment." *Turner*, 912 F.3d at 1239 (amended judgment granting credit for time served was an intervening judgment, such that subsequent petition was not successive); *see also Gonzalez v. Sherman*, 873 F.3d 763, 774 (9th Cir. 2017) (amended judgment altering presentence credits was an intervening judgment); *see also Wentzell v. Neven*, 674 F.3d 1124, 1127-28 (9th Cir. 2012) (amended judgment vacating one of three counts was an intervening judgment).

In *Gonzalez*, the court of appeals contrasted an amended judgment that corrected a substantive error affecting a petitioner's sentence with an amended judgment correcting a mere "scrivener's error":

> A scrivener's error occurs when there is a discrepancy between the court's oral pronouncement of the judgment and the written record of that judgment in the minute order or in the abstract of judgment. For example, a scrivener's error occurs if the oral pronouncement of judgment is "5 years" but the clerk writes "50 years" in the written document reflecting that judgment. Under California law, when there is a difference between the trial court's oral judgment and the written abstract of judgment, the oral pronouncement controls as it constitutes the actual judgment. [Citation omitted.] Correcting a scrivener's error in the abstract of judgment does not lead to a new judgment because the judgment itself does not change, only the written record that erroneously reflects that judgment. In the above example, the judgment pronounced orally would remain at 5 years and the abstract of judgment would be amended to correctly reflect that 5-year judgment. Unlike an error in the calculation of credits when the oral judgment itself is in error such that both the judgment and abstract of judgment must be amended, a scrivener's error carries no legal consequences as it is only the record that must be corrected and that record does not contain the actual judgment or the actual sentence to be served.

873 F.3d at 772 (footnote omitted). And, in *Turner*, the court of appeals discussed, as follows, the distinction it made in *Gonzalez*:

> We confronted that question in *Gonzalez*. Our decision provided an example of a change to a judgment that does not constitute a new judgment: the correction of a scrivener's error. *Gonzalez*, 873 F.3d at 769, 772. "A scrivener's error occurs when there is a discrepancy between the court's oral pronouncement of the judgment and the written record of that judgment in the minute order or in the abstract of judgment." *Id*. at 772. We reasoned that when an amended judgment corrects a scrivener's error, it does not change the underlying judgment, but "only the written record that erroneously reflects that judgment." *Id*. As a result, an amended judgment correcting a scrivener's error has no legal consequences, and thus is not a new judgment.
>
> *Gonzalez* contrasted the correction of a scrivener's error with "a court's recalculation and alteration of the number of time-served or other similar credits awarded to a petitioner," which does constitute a new judgment. *Id*. at 769. In so holding, we relied on—and limited our holding to—California law. *Id*. California requires prison officials to subtract a defendant's time served from the number of days to which the defendant would have otherwise been sentenced. Cal. Penal Code § 2900.5(a). Therefore, when an amended judgment awards a prisoner credit for time served, it affects "the number of days a convicted individual will spend in prison." *Gonzalez*, 873 F.3d at 769.
>
> "Critical[ ]" to our holding in *Gonzalez* was the fact that a judgment that does not include a prisoner's credit for time served is legally invalid. *Id*. California law requires courts to correct a judgment that does not include a prisoner's time served whenever it is discovered. *Id*. (citing *People v. Karaman*, 4 Cal.4th 335, 14 Cal.Rptr.2d 801, 842 P.2d 100, 109 n.15 (1992); *People v. Taylor*, 119 Cal.App.4th 628, 14 Cal.Rptr.3d 550, 563 (2004) ). Thus, an amended judgment awarding a defendant credit for time served "remove[s] an invalid basis for incarcerating [the defendant], and provide[s] a new and valid intervening judgment to which" the defendant is held in custody. *Id*. at 770.

912 F.3d at 1239.

Turning to the amended judgment in this case, it is plain to the Court that the amendment, which altered the caption of the judgment to omit the case number of one of the consolidated cases and change the court department number, and which inserted in the body of the judgment a citation to NRS § 207.010, Nevada's Large Habitual Criminal Statute, only corrected scrivener's errors. The amendment did not affect Williams'

sentence or the legal basis for the imposition of that sentence. Under Supreme Court and Ninth Circuit Court of Appeals authority, the amended judgment in this case is not an intervening judgment such as would allow for a new federal habeas petition free of AEDPA's restrictions on successive petitions.

Therefore, before Williams may pursue a federal habeas petition such as that in this case, he must obtain leave to do so from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2243(b)(3). Absent such leave, this Court is without jurisdiction to consider Williams' petition. *See Burton*, 549 U.S. at 153, 157. The Court will grant Respondents' Motion on this ground and declines to address Respondents' other arguments.

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 21) is granted. This action is dismissed.

It is further ordered that, because jurists of reason would not find this ruling debatable or wrong, Petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 2nd Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE